AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

ASHLEY HARVEY, Individually and as Next Friend of L. H., a Minor
*Plaintiff*
v.
CARTHAGE INDEPENDENT SCHOOL DISTRICT, OTIS AMY, SCOTT SURRATT AND DR. JOSEPH GLENN HAMBRICK
*Defendant*

Civil Action No. 2:18-cv-00164

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Office of the General Counsel
United States Department of Homeland Security, Washington, DC, 20528
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See SCHEDULE A OF THE SUBPOENA TO DEPARTMENT OF HOMELAND SECURITY

| Place: Brazil & Dunn, L.L.P.<br>3303 Northland Avenue, Sute 205<br>Austin, Texas 78731 | Date and Time:<br>10/08/2018 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/06/2018

*CLERK OF COURT*
                                OR
_____          /s/ Chad Dunn
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ashley Harvey, Individually and as Next Friend of L.H., a Minor                    , who issues or requests this subpoena, are:
Chad Dunn, Brazil & Dunn, 3303 Northland Dr. #205, Austin, TX 78731; chad@brazilanddunn.com, 512-717-9822 and Jim Dunnam, Dunnam & Dunnam, 4125 W. Waco Dr., Waco, TX 76710; jimdunnam@dunnamlaw.com, 254-753-6437

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-00164

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ASHLEY HARVEY, individually and as Next Friend of L. H., a Minor | § § § | |
| *Plaintiff*, | § § | Cause No. 2:18-cv-00164 JURY TRIAL DEMANDED |
| vs. | § § | |
| CARTHAGE INDEPENDENT SCHOOL DISTRICT, OTIS AMY, SCOTT SURRATT AND DR. JOSEPH GLENN HAMBRICK | § § § | |
| *Defendant.* | | |

**PLAINTIFF'S NOTICE OF ISSUANCE OF
SUBPOENA *DUCES TECUM* TO
DEPARTMENT OF HOMELAND SECURITY**

TO:   Office of the General Counsel, United States Department of Homeland Security, Washington, DC, 20528

Please take notice that, pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Local Rule 26.1 and 6 CFR Part 5, Subpart C, Plaintiff, through her attorneys, issues herewith a subpoena *duces tecum* on the above referenced non-party requesting production of documents, electronically stored information, and tangible things specified in the attachment annexed hereto as SCHEDULE A, in his/her possession, custody and control, with such materials to be produced to Brazil & Dunn, L.L.P., 3303 Northland Dr. #205, Austin, Texas 78731, on or before the 8th day of October, 2019 at 12:00 p.m., EST.

In support of this subpoena, Plaintiff provides the following information pursuant to the Department of Homeland Security ("DHS") pursuant to its regulations found at 6 CFR Part 5, Subpart C and in compliance with *Touhy v. Ragen*, 340 U.S. 462 (1951) and subsequent cases.

Plaintiff brings claims against a state chartered public school district for violations of federal law, Title IX, and for other state causes of action more specifically described in the Complaint which is attached hereto as Exhibit A. Please note that the identities of the minor

persons involved and other matters pertaining to this case are privacy protected under court orders.

Plaintiff seeks the records described in the attached because they are unavailable from any other source. Generally, Plaintiff claims that a minor student, ▮▮▮▮▮▮▮▮, and other minor students distributed electronically, recorded nude images of another minor student, ▮▮▮▮▮▮▮▮, on numerous occasions and to numerous recipients. It is believed other persons, including officials at Carthage I.S.D., participated in the distribution of these images. Upon information and belief, DHS conducted an investigation of these matters because the actions could potentially involved offenses under federal law. This investigation included collecting witness information, documents, and forensic evidence including tracking the distribution and recipients of such recorded materials. It is believed that some of this information, but not all, was provided by DHS to state and local law enforcement and/or prosecutorial offices. It is believed that DHS's investigation is complete and closed.

Upon information and belief, the DHS personnel involved in the investigation were: Joe Padgett and Burton Reavis.

The nature and relevance of the official information sought is described as followed. Plaintiff claims, in part, that Carthage I.S.D. officials, with actual notice, did nothing to prevent the distribution of these recorded images and, in fact, obstructed efforts to investigate and/or punish the person(s) responsible. DHS's materials include witness statements of persons involved. DHS's materials included forensic tracking of the images including when and how they were distributed, to whom, from whom, on which platforms or methods and the time/date of the distribution. This evidence is believed to only have been available to DHS and Plaintiff is unable to obtain it from any other source. As for the other documents and witness statements collected by DHS, each will be relevant to the current testimony of such witnesses, which in some cases is believed will be inconsistent with the statements given to DHS. Also, the extent to which

Defendants obstructed remedying the minor Plaintiff from a hostile education environment in violation of federal law, is likely to be established, at least in part, by the DHS materials.  Also, DHS's materials will provide evidence of notice and intent by Defendants in this case.

Respectfully submitted,

*/s/* Chad W. Dunn
**BRAZIL & DUNN, L.L.P.**
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
3303 Northland Dr. #205
Austin, Texas 78731
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

**DUNNAM & DUNNAM, L.L.P.**

Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2018, a true and correct copy of the foregoing was served via electronic mail on the following counsel of record:

**Via Electronic Mail**
Dennis J. Eichelbaum
Eichelbaum Wardell
Hansen Powell and Mehl, P.C.
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
dje@edlaw.com

*/s/*Chad W. Dunn
CHAD W. DUNN

# SCHEDULE A OF THE SUBPOENA TO
# DEPARTMENT OF HOMELAND SECURITY

## INSTRUCTIONS

If any responsive document was, but no longer is, in your possession, custody or control, state whether it:

    a.    is missing or lost;
    b.    has been destroyed;
    c.    has been transferred, voluntarily or involuntarily, to others; or
    d.    has been otherwise disposed of.

In each instance, explain the circumstances surrounding any authorization for such disposition(s) and the date of such disposition(s).

If you claim a privilege or exemption from discovery for any of the requests, please produce all requested documents which are not privileged. For any document withheld because of a claim of privilege, please state:

    a.    the author of the document;
    b.    to whom the document was sent, including copies;
    c.    the date of the document;
    d.    the subject matter of the-document; and
    e.    the basis for the claim of privilege with respect to such document or portion thereof.

In the event that your answer to any discovery request is "not applicable" or any similar phrase or answer, please explain in detail why that discovery request is not applicable.

In the event that your answer to any discovery request is "don't know" or "unknown" or any similar phrase or answer, please explain in detail all efforts made by the named party or their representatives to obtain the response to that discovery request.

## **DEFINITIONS**

1. The use of your name and/or "you", and any full or abbreviated name or pronoun referring to you means yourself and where applicable, your agents, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, and all others acting in concert therewith.

2. The term "defendant", including the term "Carthage", and any full or abbreviated name or pronoun referring to them means and refers to Carthage Independent School District and, where applicable, its current and/or former agents, officers, directors, employees, advisors, consultants, partners, faculty, corporate parent, subsidiaries, affiliates, departments and all others acting in concert therewith.

3. The term "Title IX" means and refers to Public Law 92-318, Statutes at large 86 STATE 235 and 20 USC § 1681.

4. The term "Carthage Title IX" means and refers to the consideration, adoption, development, implementation, interpretation, training and enforcement of and relating to Title IX and Prohibited Conduct under Title IX Policy at Carthage, and allegations of violations of Title IX and Prohibited Conduct under Title IX Policy at Carthage.

5. The term "Clery Act" means and refers to the Crime Awareness and Campus Security Act of 1990 (Title II of Public Law 101-542) and its amendments in 1992, 1998, 2000 and 2008.

6. The term "Carthage Clery Act" means and refers to Carthage's adoption, implementation, interpretation, enforcement and allegations of violations of the Clery Act at Carthage.

7. Communicate or communication—means all documents relating or referring to any contact, oral or written, formal or informal, at any time or place, electronic or otherwise, under any circumstances whatsoever, whereby any information of any nature was transmitted or received.

8. Date – means the exact day, month and year, if known, or if not known the best approximation thereof which shall be explicitly indicated as an approximate date.

9. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a request all responses or documents that might otherwise be construed as outside its scope.

10. Document and documents - shall be used in their broadest sense and shall include all written, printed, typed, recorded and graphic matter, as well as all electronically stored information, of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, electronic mail, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data,

statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, x-rays, operative reports, history and physical reports, input and output charts, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, images, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer stored, or electronically stored matter or information, however and by whomever produced, prepared, reproduced, disseminated, or made. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. When a document may be in the form of electronic communication, this request is not limited to only official Carthage email accounts, but extends to personal email accounts wherein the subject matter falls within the area of inquiry. Document includes text messages and text messages include such messages from any device regardless of whether such device was provided by Carthage. The term "document" includes electronically stored information ("ESI").

11. The terms "document" and "documents" include all matter within the foregoing description that is within your possession, custody or control, or within the possession, custody or control of any agent or attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

12. Electronically Stored Information ("ESI") shall mean all those documents, materials or tangible things described in the Federal Rules of Civil Procedure and the Court's orders concerning ESI. The Court has and continues to issue orders concerning ESI. You are advised to review the Court's orders concerning ESI (and any other issue). Counsel who issued this subpoena are available to provide you any such orders should you require. You are required to collect ESI in compliance with the Rules and the orders in effect governing this case.

13. The term "identify" or "identification," unless otherwise specified, means: when used in reference to a natural person: the person's full name, present or last known business address, present or last known home address, telephone number, and any other information which may be helpful in locating or determining the whereabouts of such person; when used in reference to any form of entity: the full legal name and form of entity, the law under which it exists, its present or last known address and telephone number, and the name and address of its registered agent; when used in reference to a document: its date, its author, the type of document, the nature and substance of the document, the person to whom the document was sent, its present location, and the name, address, and telephone number of its present custodian; when used in reference to a communication: its date, identification of the persons transmitting and receiving information, the nature and substance of the communication, and

        any documents relating to or evidencing the communication.

14. The terms "relating to", "concerning" and "regarding" are used in their broadest sense, and include anything that, directly or indirectly, generally or specifically, concerns, constitutes, refers to, relates to, regards, pertains to, describes, deals with, reflects, analyzes, mentions, depicts, characterizes, reports, recites, discusses, evidences, constitutes, or is in any way relevant to the subject.

15. When the term "between" is used in connection with a document, record or communication, this includes anything to which you were a party directly or indirectly, and also anything between others to which you obtained or received a copy.

16. Sexual Harassment: Sexual harassment is any unwelcome sexual advance, requests for sexual favor, and/or other verbal or physical conduct of a sexual nature when one of the conditions outlined in (1), (2), or (3), below, is present. Gender-Based Harassment: Gender-based harassment includes harassment based on gender, sexual orientation, gender identity, or gender expression, which may include acts of aggression, intimidation, or hostility, whether verbal or non-verbal, graphic, physical, or otherwise, even if the acts do not involve contact of a sexual nature, when one of the conditions outlined in (1), (2), or (3), below, is present. (1) Submission to, or rejection of, such conduct is made implicitly or explicitly a term or condition of a person's instruction, academic standing, employment, or participation in any Independent School District program, activity, or benefit. (2) Submission to, or rejection of, such conduct by an individual is used as a basis for evaluation in making academic or personnel decisions. (3) Such conduct creates a hostile environment. A hostile environment exists when the conduct is sufficiently severe, persistent, or pervasive that it unreasonably interferes with, limits, or deprives an individual from participating in or benefiting from the Independent School District's educational, employment, and/or campus-residential experience when viewed through both a subjective and objective standard. A hostile environment can be created by persistent or pervasive conduct or by a single or isolated incident, if sufficiently severe. The more severe the conduct, the less need there is to show a repetitive series of incidents to prove a hostile environment, particularly if the conduct is physical. A single incident of sexual harassment, for example, may be sufficiently severe to constitute a hostile environment. In contrast, the perceived offensiveness of a single verbal or written expression, standing alone, is typically not sufficient to constitute a hostile environment. Sexual Harassment: • May be blatant and intentional and involve an overt action, a threat or reprisal, or may be subtle and indirect, with a coercive aspect that is unstated. • Does NOT have to include intent to harm, be directed at a specific target, or involve repeated incidents. • May be committed by anyone, regardless of gender, age, position, or authority. While there is often a power differential between two persons, perhaps due to differences in age, social, educational, or employment relationships, harassment can occur in any context. • May be committed by a stranger, an acquaintance, or someone with whom the complainant has an intimate or sexual relationship. • May be committed by or against an individual or may be a result of the actions of an organization or group. • May occur by or against an individual of any sex, gender identity, gender expression, or sexual orientation. • May occur in the classroom, in the workplace, in residential settings, or in any other context. • May be a one-time event or may be part of a pattern of behavior. • May be committed in the presence of others or when the parties are alone. • May affect the complainant and/or third parties who witness or observe harassment.

## **ITEMS TO BE PRODUCED**

1. Produce all records pertaining to the investigation of conduct involving the minor persons identified in this case.

2. Produce all documents and ESI concerning the distribution of the recorded images complained of in this case.

3. Produce all communications with state and local law enforcement pertaining to any party to this case and/or the recorded images at the center of this case.

4. Produce all witness statements whether recorded or in writing of any of the persons identified in the disclosure of witnesses issues by either Plaintiff or Defendants, attached hereto as Exhibits B and C, respectively.

5. Produce all witness statements whether recorded or in writing of any other witnesses contacted as part of your investigation.

6. Produce any communications with Plaintiffs, Defendants, and any person listed on either Exhibit B or C.

7. Produce any forensic evidence collected concerning the recorded images at the center of this case including copies of the full images, information concerning their location, when and how they were distributed, to whom, from whom, on which platforms or methods and the time/dates of the distribution.